UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**EDDIE JOE HALL**                                   **CIVIL ACTION NO. 21-2615**

                                                     **SECTION P**
**VS.**
                                                     **JUDGE TERRY A. DOUGHTY**

**REGINALD MANNING, ET AL.**                         **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Plaintiff Eddie Joe Hall, a prisoner at Ouachita Parish Correctional Center ("OCC") proceeding pro se, filed this proceeding on approximately August 18, 2021, under 42 U.S.C. § 1983. He names the following defendants: Captain Reginald Manning, Warden Paul Campbell, and OCC.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that he did not receive procedural due process in connection with a disciplinary charge/report concerning a fight with another inmate. [doc. # 1, p. 3]. He claims that Captain Reginald Manning, the chairman on the disciplinary court appeal board, "denied, rejected, [and] refused" to review his argument concerning the disciplinary charge. [doc. #s 1, p. 3; 5, p. 2]. Plaintiff also claims that on August 5, 2021, Manning refused to review surveillance video of the fight which shows that Plaintiff did not start the fight. [doc. # 1, p. 5]. Plaintiff was sentenced "to lockdown confinement [for] 28 days . . . ." [doc. # 5, p. 2].

Plaintiff names Warden Campbell as a defendant because of Campbell's position as warden and because he sent Campbell an administrative remedy procedure grievance. *Id.* at 3.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff seeks $250,000.00 from Captain Manning because Plaintiff lost his job, and he asks the Court to terminate the employment of Captain Manning and Warden Campbell. [doc. # 1, p. 4].

On September 30, 2021, after he filed an amended pleading, Plaintiff filed a letter in which he maintains that employees at OCC are "running a corrupt racketeer system," are dishonest and untrustworthy, and are violating federal law. [doc. # 6]. He adds that the employees throw grievances away and fail to answer legitimate grievances. *Id.* He seeks unspecified assistance, as well as an investigation. *Id.*

## Law and Analysis

**1. Preliminary Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. OCC**

Plaintiff names OCC as a defendant. [doc. # 1, p. 3]. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. OCC does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against OCC.

**3. Warden Campbell**

Plaintiff names Warden Campbell as a defendant because of Campbell's position as warden and because he sent Campbell an administrative remedy procedure grievance. *Id.* at 3.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.

4

1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Plaintiff does not plausibly allege that Warden Campbell affirmatively participated in any act that caused a constitutional deprivation or that there was a sufficient causal connection between Campbell's conduct and any alleged constitutional violation.[3] While Plaintiff alleges that he forwarded an "ARP" to Campbell concerning the disciplinary action, he does not allege that Campbell was involved in depriving him of procedural due process.[4] Instead, by naming Campbell as a defendant because he is the warden, Plaintiff pleads only vicarious liability. *See Thompkins v. Belt*, 828 F.2d 298, 305 (5th Cir. 1987) ("[M]isconduct of Sheriff Belt's employees cannot be imputed to the sheriff individually . . . .").

---

[3] *See Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

[4] *See Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004) ("[I]it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation."); *see also Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. 2004) ("claims that [] defendants violated [a plaintiff's] constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Robinson v. U.S., Fed. Bureau of Investigation*, 185 F. App'x 347, 348 (5th Cir. 2006) ("The alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit.").

Plaintiff does not allege that Campbell implemented an unconstitutional policy, practice, custom, or procedure that deprived him of procedural due process. Accordingly, the Court should dismiss Plaintiff's claims against Campbell.

**4. Procedural Due Process**

Plaintiff alleges that he did not receive procedural due process in connection with a disciplinary charge/report concerning a fight with another inmate. [doc. # 1, p. 3]. He claims that Captain Reginald Manning, the chairman on the disciplinary court appeal board, "denied, rejected, [and] refused" to review his argument concerning the disciplinary charge. [doc. #s 1, p. 3; 5, p. 2]. Plaintiff also claims that on August 5, 2021, Manning refused to review surveillance video of the fight which shows that he did not start the fight. [doc. # 1, p. 5].

Plaintiff was sentenced "to lockdown confinement [for] 28 days . . . ." He does not describe the conditions he experienced on lockdown. [doc. # 5, p. 2]. He does suggest that he lost his job because of the disciplinary action.

Plaintiff's punishment, however, does not implicate a protected property or liberty interest; thus, he does not state a plausible claim. *See Carter v. Brown*, 772 F. App'x 67, 68 (5th Cir. 2019) (finding, where the plaintiff argued "that he was falsely charged and convicted at a hearing that violated established procedures, [and] relied on false evidence," that the plaintiff did not allege "a due process violation" because his punishment did not "implicate a protected liberty interest[.]").

"'Inmates have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). "'[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a

6

constitutional claim' because it 'simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (quoting *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996)); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."). "In other words, segregated confinement is not grounds for a due process claim unless it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).[5]

Here, the Court must determine whether Plaintiff's time on lockdown constituted an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life, such that a liberty interest in avoiding the deprivation arises." *Wilkerson*, 774 F.3d at 853 (internal quotation marks and quoted source omitted). "In deciding whether changes to an inmate's conditions of confinement implicate a cognizable liberty interest, both *Sandin* and [*Wilkinson*] considered the *nature* of the more-restrictive confinement and its *duration* in relation to prison norms and to the terms of the individual's sentence." *Id.* (emphasis added). "Factors relevant to determining whether the plaintiff endured an 'atypical and significant hardship' include the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and the duration of the disciplinary segregation imposed compared to discretionary confinement." *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (cited with approval by *Wilkerson*, 774 F.3d at 854). "In essence, courts employ a sliding scale, taking into account how

---

[5] "Extraordinary circumstances" and "without more" are simply "alternative statements of the *Sandin* test: administrative segregation 'without more' or 'absent extraordinary circumstances' is administrative segregation that is merely incident to ordinary prison life, and is not an 'atypical and significant hardship' under *Sandin*." *Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014).

7

bad the conditions are and how long they last." *Bailey v. Fisher*, 647 F. App'x 472, 476 (5th Cir. 2016). "On such a sliding scale, truly onerous conditions for a brief period of time may not be atypical; less onerous conditions for an extended period of time may be." *Id.*

With all of that said, however, the Fifth Circuit has "suggested that two and a half years of segregation is a threshold of sorts for atypicality, such that 18-19 months of segregation under even the most isolated of conditions may not implicate a liberty interest." *Id.* (citing *Wilkerson*, 774 F.3d at 855).

Here, Plaintiff claims that he was in lockdown for twenty-eight days. [doc. # 5, p. 2]. Even "under the most isolated of conditions," this period of time was not excessive in degree. *See Bailey*, 647 Fed. App'x at 476.

Plaintiff also suggests that he lost his job because of the disciplinary action. This punishment does not reflect an atypical and significant hardship. *See Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) ("Bulger's termination from his UNICOR job and reassignment to a non-UNICOR job did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life."); *Triplett v. LeBlanc*, 642 F. App'x 457, 460 (5th Cir. 2016) (finding that the loss of the plaintiff's prison job was a penalty which did "not represent the type of atypical, significant deprivation in which a state might create a liberty interest."); *Odneal v. Hinojosa*, 357 F. App'x 598, 598-99 (5th Cir. 2009); *Clarke v. Stalder*, 103 F.3d 126 (5th Cir. 1996).

As Plaintiff presents no extraordinary circumstances and alleges no atypical or significant hardships, he does not state a plausible denial-of-procedural-due-process claim.[6] The Court should dismiss this claim.

**5. Conclusory Claims**

After Plaintiff filed an amended pleading, he filed a letter in which he maintains that employees at OCC are "running a corrupt racketeer system," are dishonest and untrustworthy, and are violating federal law. [doc. # 6]. He adds that employees throw grievances away and fail to answer legitimate grievances. *Id.* He seeks unspecified assistance, as well as an investigation. *Id.*

Plaintiff, however, does not identify a responsible defendant. Thus, it is unclear whether he intends the above to serve as additional claims.

To the extent he does seek to raise additional claims and names "employees" as a singular defendant, he fails to name a defendant amenable to suit. As above, Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a

---

[6] *See Bailey*, 647 Fed. App'x at 476 (finding that if the prisoner was confined less than approximately nineteen months in segregation, he would not state a claim even considering that he was in lockdown 23-24 hours each day, that he lacked visitation, that he lacked contact with other prisoners, that he could not attend religious gatherings or educational/vocational programs, that he lacked entertainment and "canteen," that he could rarely use the telephone, and that he could only shower three times per week); *see also Palmer v. Cain*, 350 F. App'x 956, 957 (5th Cir. 2009) (finding that due process was not required because the appellant's 97 days in administrative segregation were not sufficiently atypical or significant); *Lewis v. Dretke*, 54 F. App'x 795 (5th Cir. 2002) (finding no claim where the prisoner "received 30 days' cell and commissary restriction (including loss of recreation and library privileges, as well as the ability to attend religious services), 90 days' loss of telephone privileges, 15 days of solitary confinement, a reduction from trustee class 4 to line class 1, and an increase of his custody level from minimum to medium."); *Perry v. Allemand*, 687 F. App'x 352, 353 (5th Cir. 2017) (finding no claim where the prisoner was housed in a special tier for six months without visitation privileges).

9

"juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. "Employees"—as a singular entity—does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against this defendant.

If by "employees" Plaintiff refers not to a singular entity but to individuals other than those he identified in his pleadings, he does not identify these persons and does not address how these unidentified persons were personally involved in depriving him of a constitutional right. Plaintiff does not sufficiently identify "any particular defendant's personal involvement in conduct that caused constitutional deprivation." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) ("Alderson made these allegations against the supervisory officials as a group, despite the magistrate judge's instruction to 'state what each defendant did.'"); *see Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020) (observing that "'a plaintiff must plead that each Government-official defendant, through *the official's own individual actions*, has violated the Constitution[,]'" and finding that the plaintiff did "not make any allegations about the particular actions of the individual employees.").

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Here, to the extent Plaintiff names "employees" as unidentified persons, the Court should

dismiss Plaintiff's claims against them.

Further, Plaintiff's allegations are vague and conclusory. That the employees are "dishonest and trustworthy" simply invites the question, what did they do for Plaintiff to assign these adjectives to them? He alleges that employees run a corrupt racketeer system and violate federal law, but by these ill-defined allegations Plaintiff only invites additional questions: what law did they violate, how did they violate federal law, and why does Plaintiff claim that employees are engaging in racketeering?

Plaintiff also states that employees throw grievances away and fail to answer legitimate grievances. *Id.* A prisoner does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

Finally, to the extent Plaintiff seeks an investigation, he should contact a local, state, or federal law enforcement agency.[7]

Overall, the Court should dismiss these ostensible claims.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Eddie Joe Hall's claims

---

[7] There is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Moreover, investigating and prosecuting possible criminal activities lies in the exclusive jurisdiction of the executive branch of government. In the federal context, for example, prosecuting criminal actions lies in the discretion of the Attorney General of the United States and duly authorized United States Attorneys. In Louisiana, prosecuting criminal actions lies in the discretion of the Louisiana Attorney General and the various District Attorneys. See LA. CODE. CRIM. PROC. arts. 61 and 62.

be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 8th day of October, 2021.

Kayla Dye McClusky
United States Magistrate Judge